Filed:8/31/2017 11:39 AM
Jenica Turner, District Clerk
Wood County, Texas
Reviewed By:Donna Graves

CAUSE NO. 2017-530 _____

| | | |
|---|---|---|
| LYNN KIRK, TRUSTEE FOR THE | § | IN THE DISTRICT COURT |
| FRANK KIRK & LYNN KIRK | § | |
| REVOCABLE TRUST | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 402ND   JUDICIAL DISTRICT |
| | § | |
| SENTINEL INSURANCE COMPANY, | § | |
| LTD. | § | |
|     Defendant. | § | WOOD COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Lynn Kirk, as Sole Trustee for The Frank Kirk & Lynn Kirk Revocable Trust, files this Plaintiff's Original Petition with Request for Disclosure complaining of Defendant Sentinel Insurance Company, Ltd. and would respectfully show unto the Court and Jury the following:

### I. DISCOVERY LEVEL

1.     Discovery is intended to be conducted under Level Three of Tex. R. Civ. P. 190.

### II. PARTIES

2.     Plaintiff is the sole Trustee of the Frank and Lynn Kirk Revocable Trust which owned, at the time of loss, property in Wood County, Texas.

3.     Sentinel Insurance Company, Ltd. ("Sentinel") is a licensed insurance company authorized to engage in the business of insurance in the State of Texas and may be served with citation and process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Tx 78701-3218.

EXHIBIT C

### III. JURISDICTION AND VENUE

4.     The Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. The Court has venue over Defendant because all or a substantial part of the events giving rise to the claim took place in Wood County, Texas and the property's location is in Wood County, Texas.

### IV. BACKGROUND FACTS

5.     Plaintiff purchased an insurance policy from Sentinel Insurance Company, Limited insuring its commercial property located at 1150 N. Beaulah Street, Hawkins, Texas. The policy insured Plaintiff's property for damages which resulted from hail and wind. All premiums required to be paid for the policy had been paid and the policy was in full force and effect during the applicable policy period at issue.

6.     During the fall of 2014 as well as the spring of 2015, the property suffered significant damage as a result of wind and hail storms. Upon discovery of the damage to the property, the Plaintiff promptly notified Sentinel of its claim. Thereafter, the claim was assigned to Amyna Visram to investigate the claim. Ms. Visram, in turn, sought the assistance of Donan Engineering to issue a report on the cause of damage to the property. After receiving the Donan report (which inexplicably concluded that there were no uplift or peeled back sections of the roof), the claim was denied.

7.     Thereafter, the Plaintiff submitted a report from Tolson Engineering Services that documented its inspection and concluded that wind had lifted and detached the roofing membrane along the north and east edges of the roof, requiring the replacement of the roofing system. Despite receiving this information, no adjuster or representative from Sentinel reinspected the roof, nor was the claim decision ever reevaluated. Rather, Ms. Viram forwarded

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 2 OF 9.**

EXHIBIT C

the report to Donan Engineering for its analysis. When confronted with evidence that there had been uplift and peeled back sections of the roof, Jason Womack with Donan Engineering took the position that such was due to improper maintenance.

8. Relying on Mr. Womack's new opinion, Ms. Viriam denied the claim once again. The reliance on an expert opinion to deny a claim after the expert's prior opinion had been discredited is unreasonable. Sentinel's investigation was, at best, incomplete and it and its adjuster were under a duty to perform a complete investigation and consider all evidence supporting payment of the claim. By way of example only, in addition to rejecting the findings of Tolson, Sentinel ignored information provided by the Plaintiff and/or its representatives as well as information contained within its underwriting file that supported coverage.

## V. CAUSES OF ACTION AGAINST DEFENDANT SENTINEL

### A. Breach of Policy Contract

9. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. The insurance policy purchased from Defendant was in full force and effect at the time of the losses made the subject of this suit. The policy includes an endorsement providing coverage for loss caused by wind and/or hail. The policy provides that if such a loss occurs, then Defendant will pay the insured the cost of repair or replacement of the damage with like kind and quality, including any tear out and replacement necessary to repair the exterior and interior to its pre-loss condition, in accordance with the terms of the policy.

10. Plaintiff reported its claim to Defendant promptly and in accordance with the terms of the policy. Defendant accepted and acknowledged the claim in writing. Defendant processed the claim, but has refused and failed to pay the claim in accordance with its obligations pursuant to the contract of insurance, and by failing has breached the contract.

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 3 OF 9.

EXHIBIT C

## B. Breach of Duty of Good Faith and Fair Dealing

11.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Defendant Sentinel breached the duty of good faith and fair dealing by delaying and denying Plaintiff's claim without any reasonable basis and by failing to conduct a reasonable investigation with respect to the claim. Defendant also failed to settle Plaintiff's claim when it knew or should have known that it was reasonably clear that the claim was covered.

## C. Violations of the DTPA

12.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant.

13.     By its acts, omissions, failures and conduct that are described in this petition, Defendant Sentinel violated Sections 17.46 of the DTPA in the following respects:

a.      Defendant represented to Plaintiff that its insurance policies and its adjusting and investigative services had characteristics or benefits that it did not have, giving Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

b.      Defendant represented to Plaintiff that its insurance policies and its adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

c.      Defendant represented to Plaintiff that its insurance policies and its adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, giving Plaintiff the right to recover under Section 17.46 (b)(12) if the DTPA;

d.      Defendant represented that it would pay to repair the damages caused by wind and/or hail and then failed to do so, violating Sections 17.46 (b)(5), (7) and (12) of the DTPA;

EXHIBIT C

e.   Defendant engaged in an unconscionable action in that it took advantage of Plaintiff's lack of knowledge, ability and experience in insurance matters to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and,

f.   Defendant's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

14.    Defendant's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiff to its detriment and were a proximate and producing cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

### D. Violations of the Texas Insurance Code

15.    Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has satisfied all conditions precedent to bringing this cause of action against Defendant.

16.    By its acts, omissions, failures and conduct, Defendant has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and its failure to pay for the proper repair of Plaintiff's home after liability had become reasonably clear. Specifically, Defendant is guilty of the following unfair insurance practices:

EXHIBIT C

a.  Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

b.  Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

c.  Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (3) of the Texas Insurance Code by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

d.  Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and in Section 541.060 (4) of the Texas Insurance Code by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder;

e.  Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (7) of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

f.  Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061(1) of the Texas Insurance Code by making an untrue statement of material fact;

g.  Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061(2) of the Texas Insurance Code by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and,

h.  Defendant engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061(3) of the Texas Insurance Code making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

EXHIBIT C

17.     Defendant's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiff to its detriment and were a proximate and producing cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

## E. Violations of the Prompt Payment of Claims Act

18.     Plaintiff would show that Defendant violated the Prompt Payment of Claims Act, Section 542.051, Subchapter B of the Texas Insurance Code, by failing to properly and timely investigate and pay Plaintiff's claim. Likewise, Defendant's failure to pay Plaintiff's claim in full constitutes an automatic violation of Section 542.058. Accordingly, Plaintiff is entitled to the relief set forth in Section 542.060 of the act, including attorney's fees.

## VI. CONDITIONS PRECEDENT

19.     All conditions precedent necessary to maintain this action have been performed, have occurred, or could not be timely accomplished prior to filing of suit. This suit was filed within two years of discovery of the acts complained of herein.

## VII. DAMAGES

20.     The above described acts, omissions, failures and conduct of Defendant caused Plaintiff's damages which include, without limitation, the cost to properly and fully repair its property. Plaintiff is also entitled to recover the amount of its claim plus an 18% per annum penalty on the claim against Defendant as damages under the Prompt Payment of Claims Act.

21.     Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. Plaintiff seeks damages in an amount greater

EXHIBIT C

than $100,000.00 but no more than $200,000.00, as of the filing of this petition. Plaintiff seeks all damages he is entitled to under Texas law.

## VIII. ADDITIONAL DAMAGES

22.    Defendant knowingly and intentionally violated the DTPA and Texas Insurance Code as those terms are defined. Because of such conduct, Plaintiff is entitled to additional damages as authorized by the Texas Insurance Code and DTPA.

## IX. EXEMPLARY DAMAGES

23.    The conduct of Defendant intentional, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X. REQUEST FOR DISCLOSURE

24.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants is hereby requested to disclose to Plaintiff, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l).

## XI. ATTORNEY'S FEES

25.    Plaintiff seeks attorney's fees for the prosecution of this suit pursuant to Tex. Bus. & Comm. Code § 17.50(d), Tex. Civ. Prac. & Rem. Code § 38.001 and Tex. Ins. Code §§ 541 and 542

EXHIBIT C

## XII. JURY DEMAND

26.     Pursuant to Tex. R. Civ. P. 216, Plaintiff respectfully requests that this case be tried before a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final jury trial, Plaintiff be awarded damages which are set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, damages authorized by the Texas Insurance Code and the Texas Business and Commerce Code, additional and exemplary damages, reasonable attorney's fees for the trial and any subsequent appeal, prejudgment and post-judgment interest at the highest rate permitted by law, costs of Court, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: Scott M. Keller
Scott M. Keller
State Bar No. 11198350
LAW OFFICES OF SCOTT M. KELLER
3890 W. Northwest Highway, Suite 650
Dallas, Texas 75220
Telephone:  (214) 741-2963
Facsimile:  (214) 741-2959
Email:  scottmkeller@sbcglobal.net

**ATTORNEYS FOR PLAINTIFF**

EXHIBIT C